{¶ 20} While I agree with the outcome reached by the majority, I believe that the majority's opinion may be interpreted to assert that our prior case, State v. Sandor, 9th Dist. No. 23353, 2007-Ohio-1482, was improperly decided. Accordingly, I write separately. *Page 14 
 {¶ 21} The majority opinion accurately reflects that the doctrine of exigent circumstances operates on a sliding scale. When an officer is solely performing a community caretaking activity such as responding to an emergency request for aid, the threshold for "cause" to enter a home is lowered. As an officer's intent objectively moves toward the recovery of evidence of a crime, the level of "cause" needed to enter a home increases. In Sandor, this Court was confronted with a matter that fell somewhere between the two extremes discussed above. Officers received an anonymous tip referencing a methamphetamine lab. The lab itself would undoubtedly contain evidence of a crime, suggesting that a probable cause standard would apply. However, there is unquestionably a significant danger to the neighboring public when a methamphetamine lab is being operated. Consequently, precedent would suggest that something less than probable cause would be necessary to justify a warrantless entry.
 {¶ 22} Based on those facts, I believe this Court in Sandor properly reiterated both the general rule regarding exigency, requiring probable cause, and the emergency aid test. I also find no fault in theSandor majority's conclusion that probable cause was required under the facts of that case. In that matter, there was no corroborated evidence of any person being near the methamphetamine lab. As the risk of danger to individuals was thereby lessened, the level of cause needed to justify entry necessarily increased. *Page 15 
 {¶ 23} Based upon the above clarification that the Sandor decision effectively performed its analysis on the sliding scale described by the majority herein, I join in the majority's result. *Page 1